UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI NETTLEMAN,

        Plaintiff,                                   Hon. Ellen S. Carmody

v.                                                     Case No. 1:16-CV-692

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On August 26, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 9). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 40 years of age on her alleged disability onset date. (PageID.181). She successfully completed high school and worked previously as a care/health aide, rehabilitation technician, and activities coordinator. (PageID.65). Plaintiff applied for benefits on February 21, 2014, alleging that she had been disabled since January 26, 2014, due to chronic obstructive pulmonary disorder (COPD) and diabetes. (PageID.181-95, 222). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.108-79). On May 13, 2015, Plaintiff appeared before ALJ Thomas English with testimony being offered by Plaintiff and a vocational expert. (PageID.72-106). In a written decision dated May 28, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.58-67). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.40-45). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

# ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from carpal tunnel syndrome and COPD, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.60-62). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can carry 10 pounds frequently and 20 pounds only occasionally; (2) she can only occasionally use hand controls; (3) she can frequently perform handling and fingering activities; (4) she can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; (5) she can never climb ladders or scaffolds; (6) she must avoid concentrated exposure to weather, humidity, wetness, and temperature extremes; and (7) she must avoid even moderate exposure to dust, odors, fumes, and other pulmonary irritants. (PageID.62).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly,

ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 210,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.93-98). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).

I.          **Plaintiff is not Entitled to a Sentence Six Remand**

As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (PageID.40-44, 384-433). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for

further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has not requested that the Court remand this matter for consideration of this evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

**II.**     **Plaintiff does not Suffer from a Listed Impairment**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that the ALJ failed to properly consider Section 3.00 (Respiratory System) of the Listings. The only specific portion of the Listing which Plaintiff has identified is Section 3.02(A) (Chronic Pulmonary Insufficiency) of the Listings. To the extent that Plaintiff seeks relief based on some other, unspecified, portion of the Listing, any such argument has been waived. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D.

7

Mich., Sept. 19, 2013); *Crosby v. Abbot*, 2013 WL 4507903 at *5 (E.D. Mich., Aug. 23, 2013).

Section 3.02(A) provides as follows:

> Chronic obstructive pulmonary disease, due to any cause, with the FEV1 equal to or less than the values specified in table I corresponding to the person's height without shoes.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 3.02(A).

Plaintiff's height without shoes is 61 inches. (PageID.298). According to Table I, to satisfy this Listing, Plaintiff's FEV1 must be equal to or less than 1.15 liters. 20 C.F.R., Part 404, Subpart P, Appendix 1, § 3.02(A).

The record before the ALJ contained pulmonary test results which do not satisfy the Listing, as the ALJ correctly observed. (PageID.63, 298-313). Specifically, this particular test produced FEV1 results ranging from 1.49 liters to 1.75 liters. (PageID.298). Plaintiff faults the ALJ for failing to discuss the results of other pulmonary tests. Specifically, Plaintiff makes reference to five other pulmonary test results. As discussed below, however, these test results do not advance Plaintiff's position.

Plaintiff makes reference to the results of three pulmonary tests, occurring between May 2014 and September 2014, which produced FEV1 results of 1.21, 1.34, and 1.92 liters. (PageID.373-81, 418-20). First, this evidence was not presented to the ALJ. More importantly, however, the results of these tests do not satisfy the Listing.

Plaintiff next makes reference to two pulmonary tests, occurring in December 2014 and April 2015 which produced FEV1 results of 0.92 and 1.12, respectively.[2] (PageID.365, 411).

---

[2] The April 2015 results were not presented to the ALJ. As for the December 2014 pulmonary function test, the record does not contain the required supporting documentation, but instead contains only a notation regarding such.

8

To be found disabled pursuant to the Listings, Plaintiff must not only satisfy the Listing's requirements, but her impairment must also satisfy the 12-month duration requirement. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); *Gambill v. Bowen*, 823 F.2d 1009, 1011 (6th Cir. 1987); *Brooklier v. Commissioner of Social Security*, 2015 WL 631958 at *3 (E.D. Mich., Feb. 13, 2015). Because pulmonary function tests, performed within 12 months of the two test results in question, produced results that do not satisfy the Listing, the test results cited by Plaintiff do not satisfy the Listing. *See Colon v. Commissioner of Social Security*, 2010 WL 1292762 at *4 (W.D. Mich., Mar. 11, 2010) ("Plaintiff did not satisfy the 12-month durational requirement because his June 20, 2006 pulmonary function tests, administered less than one year later, produced forced expiratory volume (FEV1) values that were significantly higher than those necessary to meet the requirements of Listing 3.02(A)").

In sum, Plaintiff has failed to meet her burden that she satisfies a listed impairment. Accordingly, the Court finds that the ALJ's conclusion in this regard is supported by substantial evidence.

**III.         The ALJ Properly Evaluated the Medical Evidence**

Plaintiff next faults the ALJ for failing to afford appropriate weight to the opinions of her treating physician, Dr. Nadine Potempa. The Court is not persuaded.

In this context, a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§

404.1527(a)(2); 416.927(a)(2). On the other hand, observations and treatment notes do not constitute medical opinions. *See, e.g., Miller v. Commissioner of Social Security*, 2013 WL 1283871 at *2 (N.D. Ohio, Mar. 26, 2013) (a doctor's "observations in the treatment notes were not entitled to controlling weight because they offered no opinion regarding limitations caused by an impairment").

As Defendant correctly asserts, Dr. Potempa did not offer any opinion which is inconsistent with the ALJ's decision. Moreover, while the doctor suggested that Plaintiff may need to use oxygen and an inhaler as needed, such is not inconsistent with the ALJ's RFC finding or the jobs identified by the vocational expert. The scant medical record presented to the ALJ reveals that while Plaintiff experienced, in January 2014, an acute exacerbation of her condition, subsequent testing and examination were largely unremarkable. (PageID.256, 260, 298-313, 331-34, 362, 383). Furthermore, subsequent examinations revealed that Plaintiff's condition improved with medication and treatment. (PageID.363, 366, 375). Accordingly, this argument is rejected.

### IV. The ALJ Properly Assessed Plaintiff's Emotional Impairments

Plaintiff next argues that the ALJ erred by failing to assess her "psychological condition." The ALJ recognized that Plaintiff experienced anxiety, but concluded that such "does not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and is therefore non-severe." (PageID.61). The record before the ALJ amply supports this conclusion. Plaintiff has not sought treatment for anxiety or any other emotional impairment and there is nothing in the record to support Plaintiff's argument that she suffers from a severe emotional impairment. This argument is, therefore, rejected.

**V.		The ALJ Properly Relied on the Testimony of a Vocational Expert**

Finally, Plaintiff argues that the ALJ's finding at Step V of the sequential evaluation process is unsupported by the evidence. While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed a significant number of such jobs. The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert. The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: May 18, 2017					/s/ Ellen S. Carmody
							ELLEN S. CARMODY
							United States Magistrate Judge